UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT CARE &
PRIMARY CARE PHYSICIANS, P.C.,

      Plaintiff,

-vs-

MEDSOURCE INTERNATIONAL, LLC.,
and JOHN DOES 1-10,

      Defendants.

## MEDSOURCE INTERNATIONAL, LLC'S ANSWER TO MICHIGAN URGENT CARE & PRIMARY CARE PHYSICIANS' COMPLAINT

In response to Plaintiff, Michigan Urgent Care & Primary Care Physicians, P.C.'s ("Michigan Urgent Care"), complaint, Defendant Medsource International, LLC, by and through their attorneys, KELLER & ALMASSIAN, PLC, answers as follows:

1. Plaintiff, Michigan Urgent Care & Primary Care Physicians, P.C., brings this action to secure redress for the actions of Defendant Medsource International, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER: Defendant admits that "Michigan Urgent Care & Primary Care Physicians, P.C., brings this action," but denies the remaining statements in this paragraph as untrue.**

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear

and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER: Paragraph 2 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

## PARTIES

3. Plaintiff Michigan Urgent Care & Primary Care Physicians, P.C., is a professional corporation with offices at 37595 7 Mile Road, Livonia, Michigan 48152, where it maintains telephone facsimile equipment.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

4. Defendant Medsource International, LLC, is a Minnesota limited liability company that has offices at 5346 Shoreline Drive, Mound, Minnesota 55364.

**ANSWER: Admitted.**

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

**ANSWER: Admitted.**

7. Personal jurisdiction is proper because Defendant has committed tortuous acts in this District by causing the transmission of unlawful communications into the District.

**ANSWER: Defendant denies this Paragraph as untrue.**

8. Venue in this District is proper for the same reason.

**ANSWER: Defendant denies this Paragraph as untrue.**

## FACTS

9. In 2011, Plaintiff Michigan Urgent Care & Primary Care Physicians, P.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

10. In early 2011, Plaintiff Michigan Urgent Care & Primary Care Physicians, P.C. received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

11. Discovery may reveal the transmission of additional faxes as well.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

12. Defendant Medsource International, LLC, is responsible for sending or causing the sending of the faxes.

**ANSWER: Denied as untrue.**

13. Defendant Medsource International, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER: Denied as untrue.**

14. Defendant Medsource International, LLC, either negligently or willfully violated the rights of Plaintiff and other recipients in sending the faxes.

**ANSWER: Denied as untrue.**

15. Each fax refers to a website registered to Defendant Medsource International, LLC.

**ANSWER: Admitted.**

16. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER: Admitted.**

17. Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to Plaintiff.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

18. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

19. On information and belief, Defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Michigan.

**ANSWER: Denied as untrue.**

20. There is no reasonable means for Plaintiff or other recipients of Defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER: Denied as untrue.**

### COUNT I – TCPA

21. Plaintiff incorporates ¶¶ 1-20.

**ANSWER: Defendant incorporates its ANSWERS to ¶¶ 1-20.**

22. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**ANSWER: Paragraph 22 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER: Paragraph 23 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

24. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's statutory right of privacy was invaded.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

25. Plaintiff and each class member is entitled to statutory damages.

**ANSWER: Denied as untrue.**

26. Defendant violated the TCPA even if its actions were only negligent.

**ANSWER: Denied as untrue.**

27. Defendant should be enjoined from committing similar violations in the future.

**ANSWER: Denied as untrue.**

## CLASS ALLEGATIONS

28. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Defendant Medsource International, LLC, promoting its goods or services for sale (d) and with respect to whom Defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

**ANSWER: Denied as untrue.**

29. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER: Denied as untrue.**

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which Defendant compiled or obtained its list of fax numbers;

    c. Whether Defendant thereby violated the TCPA

**ANSWER: Denied as untrue.**

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER: Denied as untrue.**

32.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Denied as untrue.**

33.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

**ANSWER: Denied as untrue.**

34.     Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455

(La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

**ANSWER: Paragraph 34 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

35.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER: Denied as untrue.**

WHEREFORE, Defendant requests that this Court enter judgment in its favor and denying Plaintiff's requested relief.

Respectfully submitted,

KELLER & ALMASSIAN, PLC
*Attorneys for Defendant*

Dated: January 21, 2015      By:     /s/ Michael D. Almassian
                                     Michael D. Almassian (P61478)
                                     230 East Fulton Street
                                     Grand Rapids, MI 49503
                                     (616) 364-2100

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant has undertaken in good faith to identify all of the special and/or affirmative defenses that it may have with respect to Plaintiff's claims. However, given the lack of specificity of Plaintiff's allegations, Defendant reserves the right to reevaluate, restate and/or delete any defenses and/or to assert additional defenses as it deems appropriate.

1. Plaintiff's claims are barred in whole or in part by lack of standing.

2. Plaintiff's claims are barred in whole or in part by waiver, release and/or equitable estoppel.

3. Plaintiff's claims are barred in whole or in part by failure to state a compensable injury.

4. Plaintiff's claims are barred in whole or in part by unclean hands.

5. Plaintiff's claims are barred in whole or in part by the statute of limitations.

6. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

7. Plaintiff's class action allegations are barred by Plaintiff's failure to state a claim for proper class certification.

        Respectfully submitted,

        KELLER & ALMASSIAN, PLC
        *Attorneys for Defendant*

Dated: January 21, 2015      By:    /s/ Michael D. Almassian
                                             Michael D. Almassian (P61478)
                                             230 East Fulton Street
                                             Grand Rapids, MI 49503
                                             (616) 364-2100