UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT CARE &
PRIMARY CARE PHYSICIANS, P.C.,

    Plaintiff,  Case No. 14-14518
        Hon. Robert H. Cleland

-vs-

MEDSOURCE INTERNATIONAL,LLC,
and JOHN DOES 1-10,

    Defendants.

**Joint Status Report filed pursuant to F.R.Civ.P. 26(f)**

1.  **Nature and Basis of Claims and Defenses**

    a.  **Plaintiff's Claims**

    Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") arising out of defendant Medsource, International, LLC's sending or causing to send an unsolicited advertising facsimile to the facsimile machines of plaintiff and others similarly situated.

    Defendant has filed an answer and various affirmative defenses to Plaintiff's Complaint.

    b.  **Defenses to Plaintiff's Claims**

    Defendant denies the allegations contained in Plaintiff's Complaint. Defendant Medsource International, LLC asserts that it did not send the alleged faxes identified in Plaintiff's Complaint. Rather, the faxes were sent by MSI Healthcare, LLC which closed its

1

business in February 2014 and dissolved June 25, 2014. Defendant contends that Plaintiff and any purported class have no sustainable claims against Defendant Medsource International, LLC.

2. **Nature of Corporate Parties**

Plaintiff is a private corporation and has filed a disclosure statement pursuant to LR 83.4.

Defendant is a Minnesota limited liability company and its single member is a Minnesota resident and has filed a disclosure statement pursuant to LR 83.4.

3. **Subject Matter Jurisdiction**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

4. **Relationship to other cases**

The parties are unaware of any related matters, pending or otherwise.

5. **Amendments to pleadings**

Plaintiff is currently unaware of any amendments that need to be made to the complaint. Discovery may reveal the need for the addition of parties. Defendant is unaware of any amendments that are needed to the counterclaim. The parties agree to engage in meaningful concurrence discussions prior to filing any *Iqbal/Twombly* 12(b) motions.

6. **Expert Testimony**

Plaintiff may need to hire an expert to determine the manner of faxing and the identities or fax numbers of fax recipients and/or to inspect the facsimile equipment. Defendants may identify an expert witness in response to Plaintiff's expert disclosure.

**7.      Discovery and Rule 26(a)(1) Disclosures**

The parties agree that Rule 26(a)(1) disclosures will be exchanged before any written discovery is served. The parties agree that Rule 26(a)(1) disclosures will be made no later than March 2, 2015.

The parties agree that 150 days is sufficient for discovery. As such, the discovery cut-off date would be July 29, 2015.

a.   No changes should be made in the timing, form, limitations or requirement for discovery imposed under the Federal Rules of Civil Procedure.

b.   Discovery will cover all subjects allowable under Rule 26 and will pertain to all subjects reasonably calculated to lead to relevant evidence.

c.   The parties anticipate that there may be privileged or protected materials requested in discovery; if this is the case, the parties may submit a motion for a protective order to the Court if they are unable to stipulate to such an order.

**8.      Electronically Stored Information**

The parties will take steps to preserve all discoverable information. The parties agree that electronically stored information is subject to disclosure and adopt the Court's model rule.

**9.      Alternative Dispute Resolution**

The parties do not believe a facilitated settlement conference with the Court or a magistrate judge.

**10.     Consent to Bench Trial/Magistrate**

The parties, at this time, have not consented to trial before the magistrate judge. Neither party has requested a jury trial.

**11.** **Dispositive Motions/Settlement**

Both parties anticipate filing dispositive motions after the close of discovery. Plaintiff has requested certain the information that will be needed in order to commence settlement discussions and prepare a settlement demand.

                    Respectfully Submitted,

                    EDELMAN, COMBS, LATTURNER
                    & GOODWIN, LLC

By:   /s/ Daniel A. Edelman
       Daniel A. Edelman
       Cathleen M. Combs
       Thomas E. Soule
       EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
       *Attorneys for Plaintiff*
       20 South Clark Street, Suite 1500
       Chicago, Illinois  60603
       (312) 739-4200
       (312) 419-0379 (FAX)
       Email: dedelman@edcombs.com

       /s/ Adam G. Taub
       Adam G. Taub (P48703)
       *Attorneys for Plaintiff*
       17200 W 10 Mile Rd Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net

                    KELLER & ALMASSIAN, PLC

By:   /s/ Michael D. Almassian
       Michael D. Almassian (P61478)
       KELLER & ALMASSIAN, PLC
       *Attorneys for Defendant*
       230 East Fulton Street
       Grand Rapids, MI 49503
       (616) 364-2100

Dated: February 10, 2015

**CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, certify that on February 10, 2015, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which will send notification of such filing to the following:

   Michael D. Almassian
   KELLER & ALMASSIAN, PLC
   230 East Fulton Street
   Grand Rapids, MI 49503
   MAlmassian@kalawgr.com

            /s/ Daniel A. Edelman
            Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
 (312) 739-4200
 (312) 419-0379 (FAX)